UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

HELEN SWARTZ, Individually, :
:
        Plaintiff, :
vs. :
: Case No.
CG FAIRWINDS LLC, :
d/b/a The Fairwind Hotel Miami, :
:
        Defendant. :
_____/

# COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, CG FAIRWINDS LLC d/b/a The Fairwind Hotel Miami (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## COUNT I

1. Plaintiff, Helen Swartz, is an individual residing in Miami Beach, FL, in the County of Miami-Dade.

2. Defendant's property, The Fairwind Hotel Miami, is located at 1000 Collins Avenue, Miami Beach, FL, in the County of Miami-Dade.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and the Defendant does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

1

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.  The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. 1367.

5. Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Helen Swartz suffers from multiple sclerosis. She was diagnosed twenty years ago and as a result of losing her ability to ambulate, she uses a mobility scooter.  Family and friends often visit her in the Miami area and she enjoys visiting with them at the various hotels in which they stay. Ms. Swartz sometimes stays in hotels with them to eliminate the need to return home late, as fatigue is a significant component of the disease.  She and her husband also enjoy celebrating special events such as birthdays and anniversaries by enjoying hotel restaurants and spending the night to use spa amenities. Ms. Swartz's granddaughter enjoys using the hotel pools when visiting Miami and Ms. Swartz enjoys treating her granddaughter to overnight stays in hotels in Miami.

6. Helen Swartz visited the property which forms the basis of this lawsuit from August 20 through August 21, 2020, and has reservations to return to the Hotel on April 29 through April 30, 2021, with her granddaughter, because her granddaughter will enjoy the shopping on that area of Collins Avenue.  The Plaintiff also wishes to avail herself of the goods and services available at the property, and to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Fairwind Hotel Miami, and is located at 1000 Collins Avenue, Miami Beach, FL.

8. Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Helen Swartz desires to visit The Fairwind Hotel Miami, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of The Fairwind Hotel Miami has shown that violations exist. These violations that Helen Swartz has personally encountered or observed, and which were verified by an ADA expert, include, but are not limited to:

    a. The hotel discriminated against the plaintiff. The front desk chose to ignore the plaintiff's online hotel reservation by giving the plaintiff's room away to an

abled individual. This is in violation of 28 CFR Part 36; §36.201 and §36.302. The hotel made the plaintiff wait awhile so that the hotel staff could ask the abled individual to move.   Luckily, the abled guest was kind enough to change rooms.

      b.     The front desk/reservations are not trained by the hotel in ensuring that the accessible guestrooms are to be held for people with disabilities, especially one who booked the accessible guestroom. This is in violation of 28 CFR §36.302 (e)(1)(i-v).

      c.     The hotel staff has not been trained by the hotel in what the proper procedures are in reservations made by places of lodging. This is in violation of 28 CFR §36.302 (e)(1)(i-v).

      d.     The hotel does not have a written policy, practice, or procedure for their staff to follow so a person with a disability is afforded proper access to the hotel. This is in violation of 28 CFR §36.302.

      e.     A vehicle pull-up space is not provided on the site.   This is in violation of section 503.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to access the facility.

      f.     The check-in counter is too high.  This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design: 28 CFR §36.304.   This condition made it difficult for the Plaintiff access to the facility.

      g.     The assorted stairways do not have appropriate handrails.  This is in violation of   section 504.6 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

      h.     The ramp does not have appropriate handrails.  This is in violation of section 405.8 of   the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff access to the facility.

      i.     Accessible seating at the bars and tables in and around the hotel are not provided to a person using a wheelchair. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. This condition made difficult for the Plaintiff access the assorted bars and tables; 28 CFR §36.201, §36.202, §36.304.

      j.     An accessible route to the pool is not provided to a person in a wheelchair.   This is in violation of section 206.2.2 of the 2010 Standards for Accessible

4

Design: 28 CFR §36.201, §36.202 §36.304. This condition denied the Plaintiff access to the pool and pool area of the hotel.

k.  A guest with a disability is denied the opportunity to participate in using the pool that is available to the hotel's abled guests. This is in violation of 28 CFR §36.201, §36.202 and §36.304. This denied Plaintiff the full and equal opportunity to receive the same service as an abled individual.

l.  The doorway threshold by Bldg. sign 1000 is too high. This is in violation of section 404.2.5 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff access to the facility.

j.  In the accessible guestroom, #226, the exterior space to enter or exit is not accessible. This is in violation of section 806.2.2 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This conditioned denied the plaintiff to access the balcony, which is in violation of §36.201, §36.202 and §36.304 as this denied Plaintiff the full and equal opportunity to receive the same service as an abled individual.

m.  In the accessible guestroom, #226, the door to exterior space to enter or exit has hardware that cannot be operable with one hand, and requires tight grasping, pinching, or twisting of the wrist. This is in violation of section 404.2.7 & 806.2.2 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff access to the facility.

n.  In the accessible guestroom, #226, the window control cannot be operable with one hand, and requires tight grasping, pinching, or twisting of the wrist. This is in violation of section 404.2.7 & 806.2.2 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff access to the facility.

o.  In the accessible guestroom, #226, the window control is out of reach to a person in a wheelchair. This is in violation of section 308 & 806 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition made it difficult for the Plaintiff access to the facility.

p.  In the accessible guestroom, #226, the plaintiff was unable to open the drawers as the drawer hardware cannot be operable with one hand, and requires tight grasping, pinching, or twisting of the wrist    This is in violation of section 309 & 806

5

of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.202 and §36.304. This condition made it difficult for the Plaintiff access to the facility.

q. In the accessible guestroom, #226, which hotel deemed an accessible guestroom, the closet rod is out of reach to a person in a wheelchair. This is in violation of section 811.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

r. In the accessible guestroom #226 bathroom, which hotel deemed an accessible guestroom, the toilet paper dispenser is not properly located. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the toilet paper dispenser.

s. In guestroom #226, which hotel deemed an accessible guestroom, a folding seat is not provided in the accessible guestroom roll-in shower compartment. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the shower.

t. In guestroom #226, which hotel deemed an accessible guestroom, the shower spray unit in the roll-in shower does not have an on/off control with a non-positive shut-off. This is in       violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

u. In guestroom #226, which hotel deemed an accessible guestroom, appropriate grab bars are not provided in the accessible guestroom roll-in shower compartment. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the shower.

v. In guestroom #226, which hotel deemed an accessible guestroom, items in the guestroom and bathroom are out of reach to a person using a wheelchair. This is in violation of sections 308, 309, 806 and 811 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to use the facilities.

w. In the hotel's accessible toilet compartment the soap and paper towel dispensers are out of reach to a person in a wheelchair. This is in violation of sections 308 & 603 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This

condition made it difficult for the plaintiff to access the facility.

x.  A door pull is not provided on both sides of the toilet compartment door.  This is in violation of section 604.8.1.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

y.  The grate opening in the ramp has the elongated openings that are improperly placed to the dominant direction of travel.  This is in violation of section 302.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

z.  The hotel does not provide the required amount of compliant accessible guest rooms, and the accessible rooms are not dispersed among the various classes of accommodations. This is in violation of section 224 the 2010 Standards for Accessible Design: 28 CFR §36.304.  This denies to Plaintiff the full and equal opportunity to stay at the subject hotel. 28 CFR §36.302(e)(1)

aa.  The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211

11.  All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

12.  The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated,

will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13.     Defendant has discriminated against the individual by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1993, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,

1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter The Fairwind Hotel Miami to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

18. Prior to the filing of this lawsuit, Plaintiff's counsel conducted a thorough PACER search to determine whether prior ADA cases had been filed in the Southern District of Florida against the instant property. Two unrelated ADA lawsuit had been filed, as follows:

    a. *Emilio Pinero v. CG Fairwinds LLC,* Case No. 1:19-cv-25335-MGC, in which the only violations alleged are elements relating to the Hotel's website and reservations system; and

      b.    *Swartz v. CG Fairwinds LLC,* Case No. 20-cv-22613-JEM. This matter alleges violations against an entirely different property, the Lennox Hotel. A voluntary dismissal has been filed as to the defendant CG Fairwinds LLC [DE 5] and application has been made to remove that defendant from the docket [DE 13].

**WHEREFORE,** Plaintiff respectfully requests:

      a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

      b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

      c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

      d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## **COUNT II**

### **Negligence**

19. Plaintiff realleges all allegations heretofore set forth.

20. Defendant, through its activities and past ventures and experience, knew or reasonably should have known its duties to the impaired. Defendant had a duty to Plaintiff to remove ADA accessibility barriers, and adopt policies and procedures, as mandated by the ADA, so that Plaintiff, as a disabled individual would have full and equal access to the subject public accommodation.

21. Defendant breached this duty.

22. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem.

23. Discrimination against individuals with disabilities persists in the use and enjoyment of public accommodations.

24. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals.

25. The ADA has been the law of the land since 1991, but Defendant has negligently denied Plaintiff her civil rights by maintaining architectural barriers that preclude the Plaintiff from the full and equal use of the subject premises, and that endangered and continues to endanger Plaintiff's safety. This negligent conduct of the Defendant has also caused Plaintiff damage by virtue of segregation, discrimination, relegation to second class citizen status and the

pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

    **WHEREFORE,** Plaintiff prays for relief, as follows:

A.    For finding of negligence; and

B.    For damages in an amount to be proven at trial; and

C.    For such other and further relief as the Court may deem just and proper.

Dated:   September _____, 2020        Respectfully submitted,

    */s/   Lawrence A. Fuller*
Lawrence A. Fuller, Esq. (FBN 0180470)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

*Attorney for Plaintiff Helen Swartz*